NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| Maria Miguel-Cristobal; Maria Pedro-Miguel,<br><br>               Petitioners,<br><br>   v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>               Respondent. | No. 21-225<br><br>Agency Nos.   A213-130-219<br>                 A213-130-221<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 30, 2023[**]
San Francisco, California

Before: M. SMITH and OWENS, Circuit Judges, and RODRIGUEZ,[***] District Judge.

Maria Miguel-Cristobal petitions this court to review the Board of Immigration Appeals' denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief. We have jurisdiction pursuant to 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

§ 1252(a).  We dismiss the petition in part and deny in part.[1]

Because the parties are familiar with the facts, we do not recount them here except where necessary to provide context.  We review legal questions de novo and factual determinations for substantial evidence.  *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022).  We can reverse a factual determination for lack of substantial evidence only if "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  Because the Board of Immigration Appeals (BIA) affirmed the decision of the Immigration Judge (IJ) and incorporated portions of the IJ's decision, "we treat the incorporated parts of the IJ's decision as the BIA's."  *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (quotation omitted).

1.      Miguel-Cristobal failed to exhaust her argument that the BIA lacked subject-matter jurisdiction over her removal proceedings because it issued a notice to appear lacking date, time, and location information.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (requiring exhaustion of this specific argument).  Miguel-Cristobal, who was represented by counsel, did not contest jurisdiction before the IJ or in her notice of appeal to the BIA.

2.      The BIA did not err in denying asylum and withholding of removal.  Even assuming Miguel-Cristobal established persecution and the cognizability of

---

[1] One of Miguel-Cristobal's daughters, Maria Pedro-Miguel, is a derivative applicant and petitioner in this case.  Another daughter, Julia Gaspar-Miguel, has a separate petition for review pending before this court.

her proposed particular social group (PSG) of "single mothers with no male protection," substantial evidence supports the BIA's determination that her persecution would lack a causal nexus to membership in that PSG. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring asylum applicants to show that a protected basis is "at least one central reason" for their persecution); *id.* § 1231(b)(3)(C) (requiring withholding of removal applicants to show that a protected basis is "a reason" for their persecution). Here, the "testimony is uncontroverted" that the gang members who threatened Miguel-Cristobal wanted her daughter Julia to join their gang, sell drugs, and become a prostitute. Thus, the IJ found—and the BIA affirmed—that the gang's threats to Miguel-Cristobal were motivated by its desire to recruit Julia, not Miguel-Cristobal's status as a "single mother with no male protection." Before this court, Miguel-Cristobal's sole argument regarding nexus relates to how the gang viewed Julia (who is not a petitioner in this case), not Miguel-Cristobal herself, and therefore does not compel reversal.[2]

3. Substantial evidence also supports the BIA's determination that Miguel-Cristobal is not likely to be tortured with the acquiescence of the Guatemalan government if she is removed. *See* 8 C.F.R. §§ 1208.16(c)(1)–(2),

---

[2] The BIA's no-nexus determination is dispositive of Miguel-Cristobal's asylum and withholding of removal applications. We, therefore, need not consider the parties' arguments concerning the cognizability of Miguel-Cristobal's proposed PSG.

3

1208.18(a)(1).[3]  When making such a determination, the BIA must consider "all evidence relevant to the possibility of future torture," including whether the petitioner suffered past torture and "could relocate . . . where he or she is not likely to be tortured." *Id.* § 1208.16(c)(3).  Here, Miguel-Cristobal concedes that she did not experience past torture.  She testified that another daughter had similarly been recruited by gang members but was able to safely relocate.  And the IJ found that there was no evidence in the record suggesting the government would acquiesce in any torture inflicted by the gang members.

**Petition DISMISSED IN PART and DENIED IN PART.**

---

[3] We reject the government's contention that we lack jurisdiction over Miguel-Cristobal's CAT challenge.  It is black-letter law that "we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018).